DENNIS C. MASSEY AND SHARON R. MASSEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Massey v. Commissioner
Docket No. 8113-79.
United States Tax Court
T.C. Memo 1982-230; 1982 Tax Ct. Memo LEXIS 513; 43 T.C.M. (CCH) 1240; T.C.M. (RIA) 82230; April 29, 1982. Dennis C. Massey, pro se. Robert M. Ratchford, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $ 550.50 in petitioners' Federal income tax for 1975 and an addition to tax of $ 27.52 under section 6653(a). [1]
At issue are (1) whether petitioners are entitled to a claimed deduction for contributions of $ 1,958; (2) whether they are entitled to deduct employee business expenses of $ 3,073; and (3) whether they are liable for the addition to tax under section 6653(a) for negligence or intentional *514 disregard of respondent's rules and regulations. Some of the facts are stipulated and are so found. To facilitate the disposition of the issues our findings of fact and opinion are combined. Petitioners are husband and wife who resided in Baton Rouge, Louisiana, when their petition was filed in this case. They filed a timely joint Federal income tax return for 1975 on which they claimed a deduction for contributions in the amount of $ 1,958 and employee business expenses consisting of the following: Amount
Item
Claimed
Meals and lodging
$ 810
Automobile
1,350
Laundry, cleaning and
entertainment
150
Local automobile travel
525
Other employee expenses
388
Total
$ 3,223
Less employer reimbursement
150
Total amount claimed
$ 3,073
In his notice of deficiency dated April 10, 1979, respondent disallowed all of the claimed deductions for contributions and employee business expenses. 1. Contributions
On Line 21a of their Federal income tax return (Form 1040) the petitioners claimed contributions of $ 1,800 for which they had receipts or cancelled checks. But at trial Dennis C. Massey (hereinafter petitioner) testified that this was a *515 mistake and that the claimed contributions were made in cash. He failed to offer any documentary or testimonial evidence to substantiate the claimed cash contributions as to donees, amounts and dates. Without such substantiation the petitioners have not carried their burden of proof and, therefore, are not entitled to the contributions claimed. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. See also Woischke v. Commissioner,T.C. Memo. 1978-217, affd. by unpublished order (9th Cir., Sept. 29, 1980); Callan v. Commissioner,T.C. Memo. 1981-444. Although the petitioner testified that his records pertaining to the claimed cash contributions were lost by the Internal Revenue Service, such records apparently consisted only of a list compiled by petitioner without any supporting documents. Under these circumstances respondent was fully justified in disallowing the claimed contributions. Accordingly, we sustain respondent's determination with respect to this issue. 2. Employee Business Expenses
During 1975 the petitioner was employed as a consulting engineer by John L. *516 Lowery & Associates from which he received all of his gross income in that year. He testified that he was starting a new sales business in 1975 and that he incurred various travel expenses on trips to Dallas, Houston and Mobile. He reported no income from this business. He failed to offer any records or evidence of the dates of departure and return from trips away from home, the amounts spent, the location of expenditures, the business purpose of the travel, the persons entertained on these trips and their business relationship to him. [2] He has failed to meet the statutory substantiation requirements of section 274(d) and the regulations promulgated thereunder with respect to the travel expenses allegedly incurred while away from home. This Court can no longer approximate deductions for such expenses where the substantiation requirements have not been satisfied. Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969). *517 Even if the petitioner's records were "lost or obliterated," he has failed to substantiate the claimed expenses "by reasonable reconstruction of his expenditures," as required by section 1.274-5(c)(5), Income Tax Regs.[3]
While the Cohan (39 F.2d 540) approximation rule may be applied to local business transportation expenses, the petitioner did not offer any reconstruction or testimony from which an approximation can be made. Therefore, he failed to meet his burden of proof. See and compare Callan v. Commissioner,T.C. Memo. 1981-444. He did not even know what the "other" employee business expenses were for, but stated that they "must be office supplies or something of that nature." Consequently, he also failed to prove these expenses. Accordingly, we decide this issue for the respondent. 3. Section 6653(a) Addition to Tax
On this record it is clear that the petitioners were negligent and intentionally disregarded respondent's rules and regulations. Marcello v. Commissioner,43 T.C. 168, 182 (1964), *518 affd. on this issue 380 F.2d 499, 506-507 (5th Cir. 1967). Therefore, we sustain the addition to tax under section 6653(a). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated.↩
2. Petitioner testified as follows: I still cannot find the receipts, airline travel tickets, rental car receipts. I cannot find them. Maybe they are lost or obliterated or what. I don't know.↩
3. We note that the petitioner did not claim any airplane expenses on Form 2106 (Employee Business Expenses) attached to his 1975 Federal income tax return.↩